Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LAURO JUBENAL GUAMAN DURAN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING - PEO, and ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON, as individuals,

Defendants.

-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **LAURO JUBENAL GUAMAN DURAN**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## <u>PRELIMINARY STATEMENT</u>

1. Plaintiff, through undersigned counsel, brings this action against **GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING - PEO, and ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **GLOBAL WOOD DISTRIBUTORS INC.** located at 4425 1st Avenue, Brooklyn, New York 11232 and **MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING**, located at 24 Brant Avenue, Clark, New Jersey 07066.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff **LAURO JUBENAL GUAMAN DURAN** residing in Jamaica, New York, was employed by Defendants as the Warehouse Assistant at GLOBAL WOOD DISTRIBUTORS INC. from in or around February 2009 until in or around June 2026.

### *The Corporate Defendant*

### GLOBAL WOOD DISTRIBUTORS INC.

8. Upon information and belief, Defendant GLOBAL WOOD DISTRIBUTORS INC. is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 4425 1st Avenue, Brooklyn, New York 11232.

9. At all relevant times hereto, Defendant GLOBAL WOOD DISTRIBUTORS INC. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiff in the

performance of his duties, which among others include scheduling of work, the work performed, the locations at which the work was performed and the hours and days that Plaintiff would work.

10. Accordingly, at all relevant times hereto, Defendant GLOBAL WOOD DISTRIBUTORS INC. was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING- PEO**

11. Upon information and belief, Defendant MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING is a business corporation, with a principal executive office address at 24 Brant Avenue, Clark, NJ 07066.

12. At all relevant times hereto, Defendant MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING through its agents, officers, managers and supervisors, maintained direct control over hiring Plaintiff, setting Plaintiff's wages and paying Plaintiff his wages as well as all personnel decisions as to Plaintiff's employment.

13. Accordingly, at all relevant times hereto, Defendant MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

14. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

15. At all times relevant hereto, Defendants GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING acted as a single employer in general and as joint employers with respect to Plaintiff.

16. Upon information and belief, at all relevant times hereto, Defendant MCC OF NJ, INC. d/b/a MCC PROFESSIONAL STAFFING-PEO acted as a staffing and professional employer organization and hired and assigned Plaintiff to perform work for the benefit of Defendant GLOBAL WOOD DISTRIBUTORS INC.

17. During Plaintiff's employment, MCC OF NJ, INC. d/b/a MCC PROFESSIONAL STAFFING administered Plaintiff's rate of pay, maintained Plaintiff on its payroll, and issued Plaintiff's wages and paychecks.
18. At all relevant times hereto, GLOBAL WOOD DISTRIBUTORS INC. directed and supervised Plaintiff's day-to-day work, determined the work Plaintiff was required to perform, set and controlled Plaintiff's work schedule and hours, and exercised control over the terms and conditions, including the Plaintiff.
19. Hence, at all relevant times hereto, Plaintiff performed work for the benefit of GLOBAL WOOD DISTRIBUTORS INC., while MCC OF NJ, INC. d/b/a MCC PROFESSIONAL STAFFING was responsible for payroll and other employment-related functions concerning Plaintiff.
20. At all relevant times hereto, GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC. d/b/a MCC PROFESSIONAL STAFFING jointly exercised control over Plaintiff's employment, including Plaintiff's hiring, compensation, schedule, supervision, work performed, and other terms and conditions of employment.
21. Accordingly, at all relevant times hereto, Defendants GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING- PEO, were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
22. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON**

23. Upon information and belief, at all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON, owned, managed and operated GLOBAL WOOD DISTRIBUTORS INC.

24. Upon information and belief, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON are the agents of GLOBAL WOOD DISTRIBUTORS INC.

25. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON are responsible for overseeing the daily operations of GLOBAL WOOD DISTRIBUTORS INC.

26. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON have power and authority over all the final personnel decisions at GLOBAL WOOD DISTRIBUTORS INC.

27. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON have power and authority over all final payroll decisions of GLOBAL WOOD DISTRIBUTORS INC., including the Plaintiff.

28. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON have the exclusive final power to hire the employees of GLOBAL WOOD DISTRIBUTORS INC., including the Plaintiff.

29. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON have exclusive final power over the firing and terminating of the employees of GLOBAL WOOD DISTRIBUTORS INC., including the Plaintiff.

30. At all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON were responsible for determining, establishing, and paying the wages of all employees of GLOBAL WOOD DISTRIBUTORS INC., including the Plaintiff, setting his work schedules, and maintaining all his employment records of the business.

31. Accordingly, at all relevant times hereto, Defendants ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

32. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in August 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning August 2020 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

33. Plaintiff LAURO JUBENAL GUAMAN DURAN was employed by Defendants as the Warehouse Assistant, while performing related miscellaneous duties for the Defendants, from in or around February 2009 until in or around June 2026.

34. During the relevant statutory period, Plaintiff LAURO JUBENAL GUAMAN DURAN regularly worked approximately five (5) days per week.

35. During the relevant statutory period, Plaintiff LAURO JUBENAL GUAMAN DURAN regularly worked approximately ten (10) hours per day.

36. Notwithstanding his regular work schedule, for approximately two (2) weeks in or around 2023, when Defendants relocated the warehouse from one location to another, Plaintiff was required to work seven (7) days per week, approximately nineteen (19) hours per day.

37. Thus, Plaintiff was regularly required to work approximately fifty (50) hours per week during the relevant statutory period.

38. However, for two weeks in 2023, Plaintiff was required to work approximately one-hundred-thirty-three (133) hours per week.

39. During the relevant statutory period, Plaintiff LAURO JUBENAL GUAMAN DURAN was paid by Defendants a flat weekly rate of approximately $1,280.00 per week.

40. Plaintiff was paid by check.

41. Although Plaintiff regularly worked approximately fifty (50) hours per week during the relevant statutory period, and approximately one-hundred-and-thirty-three (133) hours per week during the above-noted two (2) weeks in 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

43. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

44. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

45. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

46. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

47. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

49. Collective Class: All persons who are or have been employed by the Defendants as warehouse assistants or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject

to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

50. Upon information and belief, Defendants employed approximately 15 or more employees within the past three years subjected to similar payment structures.

51. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

52. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work without appropriate overtime and wage compensation.

53. Defendants' unlawful conduct has been widespread, repeated, and consistent.

54. Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and wages.

55. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

56. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

57. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

58. The claims of Plaintiff are typical of the claims of the putative class.

59. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

60. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

63. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

67. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

70. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

71. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

77. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 20, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAURO JUBENAL GUAMAN DURAN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GLOBAL WOOD DISTRIBUTORS INC. and MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING, and ANTHONY J. PICORELLA and JOSEPH RILEY MCMAHON as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To: *via Secretary of State:*

**GLOBAL WOOD DISTRIBUTORS INC**. (NYDOS ID: 2741356)
4425 1st Avenue, Brooklyn, New York 11232

**MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING** (Entity ID: 0100894602)
24 Brant Avenue, Clark, NJ 07066

*Via personal service:*
**GLOBAL WOOD DISTRIBUTORS INC**.
4425 1st Avenue, Brooklyn, New York 11232

**MCC OF NJ, INC d/b/a MCC PROFESSIONAL STAFFING**
24 Brant Avenue, Clark, NJ 07066

**ANTHONY J. PICORELLA**
4425 1st Avenue, Brooklyn, New York 11232

**JOSEPH RILEY MCMAHON**
4425 1st Avenue, Brooklyn, New York 11232